IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TOHO CO., LTD.

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Civil Action No.: 1:22-cv-00162

Judge Sharon Johnson Coleman

Magistrate Judge Sunil R. Harjani

## DECLARATION OF KOJI UEDA

I, Koji Ueda, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am the General Manager of TOHO CO., LTD. ("TOHO" or "Plaintiff") and am knowledgeable about or have access to business records concerning all aspects of the brand protection operation of TOHO including, but not limited to, its trademarks, copyrights, other intellectual property, sales, on-line sales, advertising, marketing, media coverage, and associated international operations. I make this declaration from matters within my own knowledge save where otherwise stated.

3. TOHO acts as the Sales, Marketing, Design and Distribution arm of GODZILLA products for the Americas and has a place of business at 1-2-2, Yurakucho, Chiyoda-ku, Tokyo 100-8415 Japan. TOHO is a foreign company organized and existing under the laws of Japan.

4. TOHO is a Japanese film, theater production and distribution company. Toho's

most famous creation is Godzilla, who was introduced by TOHO in 1954 and has been one of the longest continuously running movie franchises who is featured in 32 of the company's films. Godzilla, Rodan, Mothra, King Ghidorah and Mechagodzilla are described as Toho's Big Five because of the monsters' numerous appearances in all three eras of the franchise, as well as spin-offs. TOHO also develops, markets, sells and distributes GODZILLA products. TOHO is the official source of GODZILLA products:

https://godzilla.com/



https://godzilla.store/shop/default.aspx



5. TOHO is the owner of the trademark registrations for GODZILLA with Trademark Registration Nos. 6172295; 4183291; 2360489; 2211328; 2134696; 1858403; 1161858; and 5093240 (collectively the "GODZILLA Trademarks").

6. The above registrations for the GODZILLA Trademarks are valid, subsisting, and in full force and effect. True and correct copies of the federal trademark registration certificates for the GODZILLA Trademarks are attached hereto as Exhibit 1.

7. The GODZILLA Trademarks are distinctive and identify the merchandise as goods from TOHO.

8. The GODZILLA Trademarks have been continuously used and never abandoned.

9. TOHO has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the GODZILLA Trademarks. As a result, products associated with the GODZILLA Trademarks are recognized and exclusively associated by consumers, the public, and the trade as being products sourced from TOHO.

3

10. The success of the GODZILLA brand has resulted in its significant counterfeiting. Consequently, TOHO is implementing an anti-counterfeiting program and is investigating suspicious websites and online marketplace listings identified through external vendors in proactive Internet sweeps. TOHO has identified numerous internet stores linked to fully interactive websites and marketplace listings on platforms such as Amazon and DHgate, including the fully interactive commercial Internet stores operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A which is attached to the Complaint (collectively, the "Defendant Internet Stores"). The Defendant Internet Stores have been offering for sale, selling, and importing counterfeit products in connection with counterfeit versions of the federally registered GODZILLA Trademarks (the "Counterfeit GODZILLA Products") to consumers in this Judicial District and throughout he United States. Despite TOHO's enforcement efforts online, Defendants have persisted in creating the Defendant Internet Stores.

11. Investigations related to Internet-based infringement of the GODZILLA Trademarks show that Defendants are using the Defendant Internet Stores to sell Counterfeit GODZILLA Products from foreign countries such as China to consumers in the U.S. and elsewhere. The Defendant Internet Stores were determined to be selling and offering to sell Counterfeit GODZILLA Products to the United States, including Illinois. This conclusion was reached through visual inspection of the products listed for sale on the website, the price at which the Counterfeit GODZILLA Products were offered for sale, other features commonly associated with websites selling counterfeit products, because Defendants offered shipping to the United States, including Illinois, and because Defendants and their websites do not conduct business with TOHO and do not have the right or authority to use the GODZILLA Trademarks for any reason.

True and correct copies of screenshot printouts showing the active Defendant Internet Stores reviewed are attached as Exhibit 2.

12. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores or wholesalers selling genuine GODZILLA Products. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, Amazon and PayPal. The Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos. TOHO has not licensed or authorized Defendants to use its GODZILLA Trademarks, and none of the Defendants are authorized retailers of genuine GODZILLA Products.

13. Upon information and belief, Defendants also deceive unknowing consumers by using the GODZILLA Trademarks without authorization within the content, text, and/or meta tags of their web sites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for GODZILLA Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine GODZILLA Products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down.

14. Defendants often go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. Other Defendant Internet Stores often use privacy services that conceal the owners' identity and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

15. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, many of the Defendant websites have virtually identical layouts, even though different aliases were used to register the respective Defendant Internet Stores. In addition, Counterfeit GODZILLA Products for sale in the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit GODZILLA Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user- defined variables, domain redirection, lack of contact information, identically or similarly priced similar hosting services, similar name servers, and the use of the same text and images.

16. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other

common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

17. Counterfeiters such as Defendants typically operate multiple credit card merchant accounts as well as Amazon and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of TOHO's enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court.

18. Monetary damages alone cannot adequately compensate TOHO for ongoing infringement because monetary damages fail to address the loss of control of and damage to TOHO's reputation and goodwill. Furthermore, monetary damages are difficult, if not impossible, to completely ascertain due to the inability to fully quantify the monetary damage caused to TOHO's reputation and goodwill by acts of infringement.

19. TOHO's goodwill and reputation are irreparably damaged when the GODZILLA Trademarks are used on goods not authorized, produced, or manufactured by TOHO. Moreover, consumer brand confidence is damaged, which can result in a loss of future sales and market share. The extent of harm to TOHO's reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable.

20. TOHO is further irreparably harmed by the unauthorized use of the GODZILLA

Trademarks because counterfeiters take away TOHO's ability to control the nature and quality of products used with the GODZILLA Trademarks. Loss of quality control over goods using the GODZILLA Trademarks and, in turn, loss of control over our brand's reputation is neither calculable nor precisely compensable.

21. The sale of Counterfeit GODZILLA Products using the GODZILLA Trademarks also causes consumer confusion, which weakens TOHO's brand recognition and reputation. Consumers who mistakenly believe that the Counterfeit GODZILLA Products they have purchased originated from TOHO will come to believe that TOHO offers low-quality products. Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine GODZILLA Products, resulting in a loss or undermining of TOHO's reputation and goodwill. Counterfeit TOHO Products, primarily coming from China can be extremely dangerous and present alarming safety hazards to children.

22. TOHO is further irreparably damaged due to a loss in exclusivity. The GODZILLA Products are meant to be exclusive. TOHO's extensive marketing and distribution of GODZILLA Products are aimed at growing and sustaining sales of GODZILLA Products. The GODZILLA Trademarks are distinctive and signify to consumers that the products originate from TOHO and are manufactured to TOHO's high quality standards. When counterfeiters use the GODZILLA Trademarks on goods without TOHO CO., LTD.'s authorization, the exclusivity of TOHO's products, as well as TOHO's reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

23. TOHO will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 11, 2022.

Koji Ueda<br>/s/ _____

Signature: _Uchida_
Email: t_uchida@toho.co.jp

Signature: _____
Email: t_arita@toho.co.jp

9